1 F.3d 1240
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dominic CARADONNA, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-1134.
 United States Court of Appeals, Sixth Circuit.
 Aug. 6, 1993.
 
 Before MILBURN, RYAN and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Dominic Caradonna, a social security claimant represented by counsel, appeals a district court judgment affirming the Secretary's denial of social security disability insurance benefits. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Caradonna filed his application for benefits on June 4, 1989, alleging a disability since June 1, 1982, due to diabetes and complications from that impairment. Caradonna was born on June 15, 1940, and has an eleventh grade "limited" education. He has past relevant work experience as a restaurant manager. He last met the disability insured status requirements under the Social Security Act on December 31, 1987. Caradonna suffers from juvenile onset diabetes mellitus with diabetic retinopathy, diabetic peripheral neuropathy, and peripheral vascular disease. After December 31, 1987, he developed coronary artery disease requiring bypass surgery and has had recent hospitalizations due to a mental impairment. However, Caradonna must show that he was disabled by his impairments prior to the expiration of his insured status. See Moon v. Sullivan, 923 F.2d 1175, 1182 (6th Cir.1990).
 
 
 3
 An administrative law judge (ALJ) determined that Caradonna had the residual functional capacity (RFC) to perform sedentary work up through December 31, 1987. Relying on the medical-vocational guidelines and the testimony of a vocational expert, the ALJ found that Caradonna could perform a significant number of jobs in the national economy and was not disabled prior to the expiration of his insured status.
 
 
 4
 Caradonna then filed a complaint seeking judicial review. A magistrate judge recommended affirming the Secretary's denial of benefits. The district court adopted the report and recommendation of the magistrate judge and dismissed the case.
 
 
 5
 On appeal, Caradonna's brief has been construed as arguing that the Secretary's decision is not supported by substantial evidence because: 1) the ALJ did not consider whether his condition either met or equalled Sec. 9.08 of the Secretary's listing of impairments in 20 C.F.R. Part 404, Subpt. P, App. 1; 2) the ALJ did not properly consider his complaints of pain and in making his credibility assessment; 3) the ALJ did not properly consider his treating physicians' opinions, and 4) the evidence does not support an RFC for sedentary work.
 
 
 6
 Upon review, we conclude that the Secretary's decision denying disability benefits is supported by substantial evidence. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam). Regarding Caradonna's argument concerning Sec. 9.08 of the Secretary's listings, the court will not address this issue as it was not first raised in the district court, and no exceptional circumstances warranting review apply in this case. See Taft Broadcasting Co. v. United States, 929 F.2d 240, 243-45 (6th Cir.1991). Nonetheless, the record does not show that Caradonna had the necessary physical findings prior to December 31, 1987, in order to meet the criteria under Sec. 9.08 of the listings.
 
 
 7
 The ALJ also properly evaluated Caradonna's complaints of pain because subjective complaints in the absence of objective medical evidence to support the existence or severity of the alleged symptoms cannot be a sufficient basis for establishing disability. McCormick v. Secretary of Health and Human Servs., 861 F.2d 998, 1002-03 (6th Cir.1988). Furthermore, credibility determinations regarding a claimant's subjective complaints properly rest with the ALJ, Siterlet v. Secretary of Health and Human Servs., 823 F.2d 918, 920 (6th Cir.1987) (per curiam), and it is the Secretary's function to resolve conflicts in the evidence and to determine issues of credibility. King v. Heckler, 742 F.2d 968, 974 (6th Cir.1984). Caradonna's treatment history and the physical findings prior to December 31, 1987, do not show that his medical condition was so severe that it could have reasonably been expected to produce disabling pain to the extent alleged by Caradonna. Other factors suggest that Caradonna's testimony about his symptoms and ability to work was less than credible. In addition, there is no doctor's opinion which is inconsistent with the ALJ's determination that Caradonna had the RFC to perform sedentary work prior to December 31, 1987. The medical evidence also supports the ALJ's RFC assessment for sedentary work prior to the expiration of his insured status.
 
 
 8
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.